[No. 3371.   March 6, 1930.]

SECURITY TRUST CO. OF FREEPORT et al. v. AMERICAN INV. CO.

[286 Pac. 159.]

Easterwood & Thompson, of Clayton, for appellant.

D. A. Paddock, of Clayton, for appellees.

OPINION OF THE COURT

WATSON, J.

This is a suit to foreclose a real estate mortgage originally made to the American Investment Company and by it negotiated to the Security Trust Company. The American Mortgage Company was named as a defendant on the allegation that it made some claim to the land, but that its claim was inferior to that of the plaintiff, the Security Trust Company. The American Investment Company, by its answer and cross-complaint, advanced the contention that, after having negotiated the mortgage, it had from time to time purchased the interest coupons as they fell due, and still owned them, and that for this indebtedness it had a lien upon the mortgaged lands prior to the lien of the Security Trust Company for the principal of the indebtedness; or, if not prior, at least of equal standing. From a decree foreclosing the mortgage and denying the American Investment Company participation in the lien and in the proceeds of the sale, it has appealed.

Appellant's first contention is that the trial court erred in refusing to conclude that it had purchased and owned the coupons, and in the contrary determination that it had paid them.

The mortgagors made application for a real estate loan, wherein they constituted appellant their attorney in fact to procure the loan and to "forward to the holders of notes for principal and interest, the interest money as the same becomes due from time to time, and the principal whenever it may, from any cause, become due and payable." Six $1,000 notes were executed, payable to appellant, each with interest coupon notes attached, both principal and interest payable at a New York bank, and all secured by

mortgage to appellant. Appellant thereafter indorsed these notes to appellee without recourse and assigned the mortgage. It furnished appellee a copy of the application. For four years appellant remitted to appellee the interest, each year about the 25th of November, the interest being due December 1st. Upon receipt of these remittances appellee would send the coupons to appellant. The mortgagors never reimbursed appellee for these payments. These facts are undisputed.

Two of the court's findings of fact are challenged. First, the finding that when appellant negotiated the notes and mortgage to appellee, the former agreed "to pay as many of the coupons as it was able, and as long as it was able, regardless of whether the money was advanced by the mortgagors or not." Second, the finding that appellee had no knowledge that appellant was advancing the funds to pay the interest.

It may be that the first-mentioned finding is more sweeping than the evidence warrants. For the moment it is sufficient to say that there is substantial evidence that appellant "agreed to attend to the collection of the interest and remit it to * * *" appellee.

In contesting the second of these findings, appellant points to the course of dealing. Although the interest was due in New York, appellee never sent the coupons there for collection, and appellant never remitted there. The money was always sent before the maturity of the coupon notes. Of course, these facts are not conclusive of knowledge by appellee that appellant was advancing the interest payments. But if appellee did have such knowledge, we cannot see that it would be vital. It was not until after suit brought that appellee learned that appellant claimed the coupons were not paid and canceled. Appellant had agreed to collect and remit the interest. The mortgagors had constituted appellee their agent for such purpose. Whether the mortgagors furnished the money with which their agent remitted, or reimbursed it promptly, or at all, was a matter concerning which appellee was under no duty to inquire. It had a right to assume that appellant, in remitting, was acting in its capacity as agent for the mortgagors, to pay the interest.

Upon the facts, as thus determined, we see no fault in the conclusion that in legal effect the transaction of remitting the interest and receiving the coupons was payment, not purchase. It was not a matter of indifference to appellee whether the interest was being promptly met or whether it was accruing in appellant's hands, sharing in the security, or, under appellant's theory, enjoying priority in it. Equity must therefore hold appellant to the capacity in which appellee reasonably and rightfully believed it was acting.

This is determinative of the appeal. All of appellant's other points fall with the collapse of its theory that it was the owner and holder of notes secured by the mortgage.

The judgment will be affirmed, and the cause remanded. It is so ordered.

CATRON and SIMMS, JJ., concur.

BICKLEY, C. J., and PARKER, J., did not participate.